IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TONY WAYNE MITCHELL | § | |
| VS. | § | CIVIL ACTION NO. 5:11-CV-132 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tony Wayne Mitchell, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit. Petitioner contends that he was entitled to due process before being confined in pre-hearing detention for ninety days. The Constitution "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545

U.S. 209, 221 (2005). A liberty interest arises when the adverse action imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). In light of *Sandin*, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim.[1] *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Petitioner has not demonstrated that his confinement in the pre-hearing detention presented an atypical and significant hardship in relation to ordinary prison life. *See Lair v. Purdy*, 188 Fed. Appx. 250, 252 (5th Cir. 2006) (holding that the district court properly dismissed claims that plaintiff's 420-day confinement in administrative

---

[1] The Supreme Court has held that a prisoner had a liberty interest in avoiding assignment to an Ohio Supermax penitentiary ("OSP"). *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). The Court described the conditions as follows:

> . . . . Inmates must remain in their cells, which measure 7 by 14 feet, for 23 hours per day. A light remains on in the cell at all times, though it is sometimes dimmed, and an inmate who attempts to shield the light to sleep is subject to further discipline. During the one hour per day that an inmate may leave his cell, access is limited to one of two indoor recreation cells.
>
> Incarceration at OSP is synonymous with extreme isolation. In contrast to any other Ohio prison, including any segregation unit, OSP cells have solid metal doors with metal strips along their sides and bottoms which prevent conversation or communication with other inmates. All meals are taken alone in the inmate's cell. . . . Opportunities for visitation are rare and in all events are conducted through glass walls. It is fair to say OSP inmates are deprived of almost any environmental or sensory stimuli and of almost all human contact.
>
> Aside from the severity of the conditions, placement at SOP is for an indefinite period of time, limited only by an inmate's sentence. . . .Inmates otherwise eligible for parole lose their eligibility while incarcerated at OSP.

*Id.* at 214-15.

Petitioner does not allege that the conditions of his ninety-day confinement in pre-hearing detention were similar to those at OSP. In addition, petitioner does not allege that his confinement in pre-hearing detention affects his eligibility for release.

2

confinement was unconstitutional and that the reasons given for his placement in administrative confinement were false).

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 3rd day of February, 2012.**

                                        DAVID FOLSOM
                                        UNITED STATES DISTRICT JUDGE